HOYLE v. McCREA et al.

(Supreme Court, Special Term, Montgomery County.    December 24, 1898.)

1. EXECUTION AGAINST THE PERSON—RELEASE OF DEBTOR — EFFECT ON JUDG-
MENT.
    Under Code Civ. Proc. § 1494, providing that, after being in custody under
    execution for a stated time, the judgment debtor may be released on a writ-
    ten notice from the creditor, which release shall not prevent the judgment
    from being otherwise enforced, a discharge of a judgment debtor from
    custody on execution against the body at the request of the judgment
    creditor does not discharge the judgment.

2. SAME—NOTICE TO RELEASE DEBTOR.
    A notice by a judgment creditor to a sheriff, holding the judgment debtor
    in custody under execution against the person, to let him go on the credit-
    or's account, because the debtor wishes to see his wife, who is sick, is
    within Code Civ. Proc. § 1494, and does not operate, on the release of the
    debtor pursuant to such notice, to satisfy the judgment.

Action by Henry Hoyle against Robert McCrea and another.   There
was a judgment for plaintiff.   After having been discharged from
custody under execution against their persons, defendants move for
an order satisfying the judgment of record.    Denied.

Royal Corbin (J. P. Kellas, of counsel), for the motion.
Wilmer H. Dunn (H. L. Huston, of counsel), opposed.

STOVER, J.   This is a motion to cancel and discharge of record
a judgment entered in March, 1898, and upon which an execution had
been issued against the persons of the defendants.   The defendant
McCrea, while in custody under the execution herein, obtained a letter
from the plaintiff, as follows:
    "C. W. Vaughan, Sheriff: Mr. Chapin has just handed me a letter from
Robert McCrea, saying that his wife is very sick, and he wishes to see her.
You may let him come home on my account, as per his letter to Mr. Chapin."

The letter to Chapin was one from McCrea, saying that his wife was
ill, and he would like to go to his home to see her.   The sheriff there-
upon permitted the defendant to go to his home, and he has not been
in custody since that time.   The claim is made by the defendant that
the release from custody with the consent of the plaintiff is a discharge
of the judgment; and there is no doubt that such was the rule at com-
mon law, and that a discharge from the execution against the body
discharged the judgment, but I think the rule has been changed by the
provisions of the Code covering executions against the person.   Sec-
tion 1494 is as follows:
    "At any time after a judgment debtor has remained in custody, by virtue
of an execution against his person, for the space of thirty days, the judgment
creditor may serve upon the sheriff a written notice, requiring him to dis-
charge the judgment debtor, and return the execution accordingly.   After
service of such a notice, another execution against the person of the judgment
debtor cannot be issued upon the judgment; but after his discharge the judg-
ment creditor may otherwise enforce the judgment as if the execution, from
which he was discharged, had been returned without his having been taken."

It is conceded that the defendant had been imprisoned more than
30 days under the execution.   The statute nowhere prescribes the

form of notice, but it simply requires that a written notice requiring the sheriff to discharge the debtor is necessary. There can be no doubt but what the notice given to the sheriff in this case was a notice which required him to discharge the defendant. The fact that, in addition to the notice of discharge, the plaintiff stated reasons which may have impelled him to give the discharge, neither adds to nor detracts from the force of the notice. If he had simply signed the notice, "You may let McCrea go home on my account," it would have been a written notice requiring the discharge of the prisoner; and so far, at least, as the defendant is concerned, he is in no position to take advantage of any additional matter that may have been inserted in the notice requiring his discharge. We are not called upon, on this motion, to pass upon the effect of the limitation or addition to the notice; for this is a motion to discharge the judgment, and it does not appear that the plaintiff has sought to again imprison the defendant under the execution, but, upon the contrary, the affidavits themselves show that the intention of the plaintiff was to discharge the defendant from imprisonment under the execution against his person, and nothing else. I think that the notice must be construed to be one within section 1494 of the Code, and that, therefore, the judgment was not satisfied, but only the remedy by execution against the person was destroyed, and that the motion, therefore, to discharge from record, must be denied, with costs.